Peter J. Haley (*pro hac vice*)
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
Tel: (617) 217-4714
Fax: (617) 217-4750
peter.haley@nelsonmullins.com

Alan F. Kaufman (Bar No. 3054707)
NELSON MULLINS RILEY & SCARBOROUGH LLP
280 Park Avenue
New York, NY 10017
Tel: (646) 428-2600
Fax: (646) 428-2610

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LLADRO GALLERIES, INC.<br><br>Debtor. | Chapter 11<br>Case No. 20-11618 (SCC)<br><br>(Subchapter V) |

**ORDER AUTHORIZING AND APPROVING THE SALE AND TRANSFER OF CERTAIN ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES AND GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 33] (the "**Sale Motion**") of Lladro Galleries, Inc. ("**Lladro**" or the "**Debtor**"), [1] as debtor and debtor in possession in the above-captioned chapter 11 case, for entry of an order under sections 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "**Bankruptcy Code**"),

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Asset Purchase Agreement, by and between Debtor and Purchaser, solely with respect to certain provisions (the "**Agreement**").

Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Bankruptcy Rules for Southern District of New York (the "**Local Rules**") (i) approving and authorizing the acquisition of certain assets of the Debtor as defined in the Agreement (the "**Assets**") by Hilco Wholesale Solutions, LLC (the "**Purchaser**"); and the Sale Hearing having been held telephonically on January 13, 2021, during which the Court considered the Debtor's request for the entry of an order approving the Sale (the "**Sale Order**"); all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion, and the Sale Motion having been properly served on all parties in interest including the Debtor's entire creditor mailing matrix; and this Court having reviewed and considered (i) the Sale Motion; (ii) any objections thereto; (iii) the arguments made by counsel; and (iv) the evidence proffered or adduced at the Sale Hearing; and it appearing that granting the relief requested in the Sale Motion, approval of the Sale, and the entry of this Sale Order are necessary and in the best interests of the Debtor, its estate, creditors, and other parties in interest; and it appearing that the Notice of Sale has been given as set forth in the Sale Motion and that no other or further notice need be given regarding the entry of this Sale Order; and upon the record of the Sale Hearing and this chapter 11 case; and after due deliberation thereon; and good cause appearing therefore;

I. **FINDINGS OF FACT:**

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED FOLLOWS:[2]

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. FED. R. BANKR. P. 7052.

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

2. This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue of this case and the Sale Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought in the Sale Motion are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, Local Rule 6004-1, and the Amended Guidelines for the Conduct of Asset Sales, Approved by Administrative Order Number 383 in the United States Bankruptcy Court for the Southern District of New York.

4. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h) and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and waives any stay and expressly directs entry of judgment as set forth herein.

5. As evidenced by the pleadings previously filed with this Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Sale has been provided in accordance with sections 102(l), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014,

the Local Rules of this Court, the procedural due process requirements of the United States Constitution and in compliance with the Order Approving Bid Procedures [Docket No. 39] (the "Bidding Procedures Order") (ii) such notice was reasonable, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale shall be required.

6. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested in the Sale Motion has been afforded to all interested persons and entities and notice of the relief requested in the Sale Motion has been afforded to all interested persons and entities, including without limitation, (i) all creditors of the Debtor; (ii) the SubChapter V Trustee; (iii) the Office of the United States Trustee; and (iv) all entities that have requested notice in accordance with Bankruptcy Rule 2002.

7. Each of the Debtor and Purchaser (i) have requisite entity power and authority to execute the Agreement and all other documents contemplated by the Sale Motion; (ii) have all of the requisite entity power and authority necessary to consummate the transactions contemplated by the Sale Motion and the Agreement; (iii) have taken all corporate action necessary to authorize and approve the Sale and the consummation by the Debtor and Purchaser, respectively, of the transactions contemplated thereby; and (iv) require no consents or approvals, other than those expressly provided for in the Agreement, to consummate such transactions. The Debtor is the sole and lawful owner of the Assets to be sold pursuant to the Agreement.

8. Purchaser is a third-party purchaser unrelated to the Debtor.

9. The Assets are property of the Debtor's estate.

10. The Debtor has demonstrated sound business justifications, under section 363(b) of the Bankruptcy Code, with respect to the Sale on the timeline set forth therein, including among other things (a) to maximize the value of the Assets; and (b) the Sale does not constitute a de facto or sub rosa plan of reorganization or liquidation or an element of such a plan for the Debtor as it does not and does not propose to (i) impair or restructure existing debt of, or equity interests in, the Debtor; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtor; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies or extend debt maturities.

11. Purchaser is a purchaser in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder and is entitled to the protections of section 363(m) of the Bankruptcy Code. The terms and conditions of the Sale as set forth in the Agreement were negotiated, proposed, and agreed to by the Debtor and Purchaser as parties thereto without collusion, in good faith, and from arm's-length bargaining positions. The Debtor has followed in good faith the procedures for notice and sale as set forth in the Bidding Procedures Order. Purchaser is not an "insider" or "affiliate" of the Debtor (as each such term is defined in the Bankruptcy Code). Neither the Debtor nor Purchaser have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to the Sale and the transactions contemplated by the Agreement. Specifically, Purchaser has not acted in a collusive manner with any person, including that the consideration provided by Purchaser for the Assets was not controlled by any agreement among Purchaser and the other potential bidders. Purchaser is entitled to the protections

afforded under section 363(m) of the Bankruptcy Code because Purchaser is a good faith purchaser in that, inter alia, (a) Purchaser participated in an open auction for the Assets and recognized that the Debtor was free to deal with any other party interested in acquiring the Assets; (b) Purchaser complied with the provisions of the Bidding Procedures Order; (c) Purchaser's bid was the subject of the opportunity for competitive bidding; (d) Purchaser in no way induced or caused the chapter 11 filing by the Debtor; (e) all payments to be made by Purchaser in connection with the Sale have been disclosed; (f) no common identity of directors or controlling stockholders exists between Purchaser and the Debtor; and (g) the negotiation and execution of the Agreement was at arm's length and in good faith.

12. Purchaser will be deemed to have acted in good faith, pursuant to section 363(m) of the Bankruptcy Code, and entitled to the protections therein in closing the transactions contemplated by the Agreement after the entry of this Sale Order and in accordance with the Agreement. Furthermore, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

13. Neither Purchaser nor the Debtor has engaged in any conduct that would cause or permit the Agreement to be voided under section 363(n) of the Bankruptcy Code. Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction. The consideration to be paid by Purchaser was not controlled by an agreement among potential bidders at such sale. The transactions under the Agreement may not be avoided,

and no damages may be assessed against Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

14. The consideration provided by Purchaser for the Assets (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Assets; (iii) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act, and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia; and (iv) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

15. The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive and substantively and procedurally fair to all parties.

16. The Debtor, Purchaser, and their respective professionals have complied in good faith in all respects with the Bidding Procedures Order as demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing. The Debtor (a) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Assets; and (b) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets.

17. The transfer of the Assets to Purchaser pursuant to the Sale under the Agreement will, upon the occurrence of the Closing, vest in Purchaser all rights, title, and

interest of the Debtor in the Assets, free and clear of any and all Encumbrances (as defined below). Purchaser shall not assume or become liable for any interests in, or relating to, the Assets being sold by the Debtor.

18. The Debtor has articulated sound business reasons for performing the Agreement, as set forth in the Sale Motion, outside of a plan of reorganization, and it is a reasonable exercise of the Debtor's business judgment to execute, deliver, and consummate the Agreement.

19. The Assets shall be sold free and clear of all of the following (collectively, the "Encumbrances") mortgages, security interests, conditional sale or other retention agreement, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, guaranties, debts, rights, contractual commitments, interests, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, other encumbrances, liens, and restrictions of any kind or nature whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, (i) encumbrances that purport to give any party a right or option to effect any forfeiture, modification or termination of the Debtor's rights or interests in the Assets or the Purchaser's rights or interests in the Assets or (ii) in respect of taxes, in each case accruing, arising or relating to a period prior to the Closing.

20. The transfer of the Assets to Purchaser pursuant to the Sale will be a legal, valid, and effective transfer of the Assets, shall vest Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of any Encumbrances. Purchaser shall

not assume or become liable for any and all Encumbrances relating to the Assets being sold by the Debtor.

21. All persons having Encumbrances of any kind or nature whatsoever against or in the Debtor or the Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such Encumbrances against Purchaser, or its assets, property, successors, or assigns, or the Assets.

22. The Debtor may sell the Assets free and clear of all Encumbrances of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those holders of Encumbrances and parties, who did not object, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. No party has objected to the Sale Motion.

23. The terms and conditions of the Sale and the Agreement, including the total consideration to be realized by the Debtor pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement, are in the best interests of the Debtor, its creditors, and its estate. A valid business purpose exists for the approval of the Sale and other transactions contemplated by the Sale Motion.

24. The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the Assets have been satisfied.

25. A reasonable opportunity has been afforded to all interested parties to make a higher or better offer to purchase the Assets.

26. Approval at this time of the Sale, the Agreement, and all the transactions contemplated thereby and hereby is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

27. Purchaser has the financial capability to fulfill the obligations contemplated under the Agreement.

28. The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of Purchaser and the Debtor, there is no substantial continuity between Purchaser and the Debtor, there is no continuity of enterprise between the Debtor and Purchaser, Purchaser is not a mere continuation of the Debtor or its chapter 11 estate, and Purchaser does not constitute a successor to the Debtor or its chapter 11 estate.

29. The transfer of the Assets to Purchaser does not and will not subject Purchaser or any of its affiliates or subsidiaries to any liability by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based in whole or part on, directly or indirectly, including without limitation, any theory of antitrust, environmental, products liability, successor, transferee or vicarious liability, labor law, de facto merger or substantial continuity or (ii) any employment contract, understanding or agreement, including without limitation collective bargaining agreements, employee pension plans or employee welfare or benefit plans (collectively, "<u>Debtor Liabilities</u>" and singularly, "<u>Debtor Liability</u>"). Purchaser has not assumed and shall not be liable for any Debtor Liability or other obligation of the Debtor,

and such liabilities and obligations are expressly excluded from the sale of the Assets and shall remain liabilities and obligations of the Debtor and its estate.

30. Subject to the terms and conditions of the Agreement, time is of the essence in consummating the Sale. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

## II. CONCLUSIONS OF LAW

NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:

A. The relief requested in the Sale Motion is granted as provided in this Sale Order. Any prior written or oral objections to the Sale Motion or entry of this Sale Order are overruled in their entirety.

B. Notice of the Sale Hearing was fair and adequate under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. The sale of the Assets and the consideration provided by Purchaser under the Agreement therefor is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

D. Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

E. The Agreement substantially in the form attached hereto as <u>Exhibit A</u> and all of the terms and conditions thereof, are hereby approved. Under section 363(b) of the Bankruptcy Code, the Debtor is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, without any further corporate authorization.

F. The Debtor is authorized and directed to fully assume, perform under, consummate, and implement the terms of the Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Sale Order and sale of the Assets contemplated thereby and hereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser, or reducing to possession, any or all of the Assets, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreement, without any further corporate action or orders of this Court. Purchaser shall have no obligation to proceed with the Closing of the Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived. Purchaser may, in its sole discretion, consummate the transactions under the Agreement at any time after the entry of this Sale Order (including immediately thereafter) by waiving all closing conditions set forth in the Agreement that have not been satisfied and by proceeding to close such transactions, without any notice to the Court, any pre-petition or post-petition creditor of the Debtor or any other party in interest.

G. The Debtor and each other person or entity having duties or responsibilities under the Agreement, any agreements related thereto, or this Sale Order and their respective directors, officers, employees, members, agents, representatives, and attorneys are authorized and empowered, subject to the terms and conditions contained in the Agreement, to (a) carry out all of the provisions of the Agreement and any related agreements; (b) issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; (c) take any and all actions contemplated by the Agreement, any related agreements or this Sale Order; (d) issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents; and (e) to perform such other acts and execute and deliver such other documents, as are consistent with and necessary or appropriate to implement, effectuate, and consummate the Agreement, any related agreements and this Sale Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court.

H. The Debtor shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable). The Debtor is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related agreements and this Sale Order, including amended and restated

certificates or articles of incorporation and bylaws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under applicable law as the Debtor may determine are necessary or appropriate.  The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.  Without limiting the generality of the foregoing, this Sale Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Delaware and all other applicable business corporation, trust and other laws of the applicable governmental units with respect to the implementation and consummation of the Agreement, any related agreements and this Sale Order, and the transactions contemplated thereby and hereby.

I. Effective as of the Closing, (a) the Sale of the Assets by the Debtor to Purchaser shall constitute a legal, valid, and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and shall vest Purchaser with all right, title, and interest of the Debtor in and to the Assets, free and clear of all Encumbrances of any kind, under section 363(f) of the Bankruptcy Code.

J. The Sale of the Assets is not subject to avoidance, and no damages may be assessed against Purchaser or any other party as a result of the Sale, under section 363(n) of the Bankruptcy Code.

K. Except to the extent specifically provided in the Agreement or this Sale Order, upon the Closing, the Debtor shall be, and hereby is, authorized, empowered, and directed under sections 105 and 363(b) of the Bankruptcy Code to sell the Assets to Purchaser.  The Sale of Assets shall vest Purchaser with all right, title, and interest of the

Debtor to the Assets free and clear of any and all Encumbrances and other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise. Following the Closing, no holder of any Encumbrance in the Assets shall interfere with Purchaser's use and enjoyment of the Assets based on or related to such Encumbrance, or any actions that the Debtor may take in the chapter 11 case, or any trustee in a subsequent chapter 7 case, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Sale Order.

L. The provisions of this Sale Order authorizing the sale of the Assets free and clear of Encumbrances shall be self-executing, and neither the Debtor nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order. However, the Debtor and Purchaser, and each of their respective officers, employees and agents, are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or Purchaser deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Sale Order.

M. On or before the Closing, all parties holding Encumbrances of any kind are authorized and directed to execute such documents and take all other actions as may be

necessary to release any Encumbrances of any kind against the Assets and, as such Encumbrances may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Encumbrances in or against the Assets shall not have delivered to the Debtor prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Encumbrances that the person or entity has with respect to the Assets, the Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to such Assets prior to the Closing, and Purchaser is authorized to execute and file such documents after Closing.

N. All of the Debtor's interests in the Assets to be acquired by Purchaser under the Agreement shall be as of the Closing and upon the occurrence of the Closing transferred to and vested in Purchaser pursuant to the Agreement. Upon the occurrence of the Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Assets acquired by Purchaser under the Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Assets to Purchaser.

O. Purchaser is not assuming nor shall it or any affiliate or subsidiary of Purchaser be in any way liable or responsible as a successor or otherwise for any Debtor Liabilities, any other liabilities, debts, or obligations of the Debtor in any way whatsoever relating to or arising from the Debtor's ownership or use of the Assets prior to the consummation of the transactions contemplated by the Agreement, or any liabilities

calculable by reference to the Debtor or its operations or the Assets or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Purchaser or any affiliate or subsidiary of Purchaser.

P.  Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

Q.  Notwithstanding anything herein to the contrary, nothing herein shall in any way affect or diminish any rights of the Debtor or any successor thereto (including any chapter 11 or chapter 7 trustee) with respect to obligations of Purchaser arising under the Agreement or this Sale Order.  This Sale Order shall be binding on the Debtor and the Debtor's estate (including, in each case, following any conversion or dismissal of this case), any successor chapter 7 estate, any confirmed plan of reorganization or liquidation, and any chapter 7 or chapter 11 trustees appointed in this case.

R.  This Court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Agreement, any amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to Purchaser; (b) resolve any disputes arising under or related to the

Agreement; (c) enforce the injunctions and releases contained within this Sale Order and (d) interpret, implement, and enforce the provisions of the Agreement and this Sale Order.

S.     The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and all parties in interest in this case (including the Debtor's creditors and equity holders) (collectively, the "Debtor Parties"), Purchaser, and each of the Debtor Parties' and Purchaser's respective affiliates, members, officers, directors, successors and permitted assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or any trustee(s), receiver(s) or similar person(s) under applicable non-bankruptcy law, as to which trustee(s), receiver(s) and person(s) such terms and provisions likewise shall be binding.

T.     The failure to specifically include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, and the Agreement is, by this Sale Order, authorized and approved in its entirety.

U.     Non-material changes to the Agreement and any related agreements, documents, or other instruments may be made, including modifications, amendments, or supplements agreed upon by the Debtor and Purchaser in accordance with the terms thereof, without further order of this Court.

V.     Purchaser and the Debtor are authorized to consummate the Sale subject to the terms and conditions of the Agreement.

W.	Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or any other Bankruptcy Rule, the terms and conditions of this Sale Order shall be effective immediately upon its entry, and the Debtor and Purchaser are authorized to consummate the transactions contemplated in the Agreement immediately upon entry of this Sale Order.

SO ORDERED.

Dated: January 13, 2021

/S/ Shelley C. Chapman
United States Bankruptcy Judge